**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4712**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

BILLY LEROY PENDERGRASS,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:06-cr-01139-TLW-1)

Submitted:  July 10, 2009               Decided:  July 20, 2009

Before WILKINSON and DUNCAN, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Ray Coit Yarborough, Jr., LAW OFFICE OF RAY COIT
YARBOROUGH, JR., Florence, South Carolina, for Appellant.
Arthur Bradley Parham, Assistant United States Attorney,
Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Billy Leroy Pendergrass pled guilty to one count of possession with intent to distribute five or more grams of crack, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)-(C) (2006). In a written plea agreement, the parties agreed to a 222-month sentence, and the government agreed to dismiss the remaining ten counts in an eleven-count indictment. At the sentencing hearing, the district court imposed the 222-month sentence and an additional eight years of supervised release. The court subsequently entered an amended judgment reducing the term of supervised release to four years.

Pendergrass' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious issues for appeal. In his brief, however, counsel questions whether the district court erred in amending the judgment under Fed. R. Crim. P. 36. Pendergrass was informed of his right to file a pro se supplemental brief but has not done so. Pendergrass has, however, filed a pro se motion seeking to strike the Anders brief. Finding no error, we affirm the judgment and deny Pendergrass' motion.

Rule 36 allows the district court to correct a clerical mistake in the judgment or other part of the record "arising from oversight or omission." In this case, the government mistakenly retained a sentencing enhancement that

2

increased Pendergrass' term of supervised release. Pendergrass filed a consent motion, and the district court granted the motion and entered an amended judgment. In short, there is no error, since Pendergrass' motion was granted and he received the sentence for which he bargained.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. The plea colloquy confirms that the district court fully complied with the mandates of Rule 11 in accepting Pendergrass' guilty plea. <u>See</u> <u>United States v. DeFusco</u>, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). We further conclude that Pendergrass' sentence is both procedurally and substantively reasonable. We therefore deny Pendergrass' motion to strike and affirm his conviction and sentence.

This court requires that counsel inform Pendergrass, in writing, of his right to petition the Supreme Court of the United States for further review. If Pendergrass requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Pendergrass. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED